IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard E. Warren,   #70874-083, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-1245-MBS-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, Inc.; | ) | |
| Darlene Drew, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Richard Eugene Warren, filed a *pro se*[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 21, 2010. At that time, Petitioner was an inmate at FCI-Bennettsville. He has since been transferred to FCI-Ft.Dix, New Jersey. Petitioner names the "United States of America, Inc." and the Warden of FCI-Bennettsville ("the Warden") as Respondents. The Warden filed a "Motion to Dismiss, or to Transfer Venue" on November 19, 2010. Because Petitioner is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on November 29, 2010, advising him of his responsibility to respond to the

---

[1] Petitioner objects to being described as "*pro se*" insisting that he is instead "sui juris." He has attached a number of documents to his petition purporting to renounce United States citizenship and declaring that he "Richard-Eugene of the Warren Family [is] NOT a Fourteenth Amendment United States Citizen, but an American National and a California National as a God-given right." Many of the documents attached to the petition show that Petitioner is using forms provided by the Sovereignty Education and Defense Ministry, http://sedm.org. Without trying to decipher the meaning of Petitioner's ancillary arguments and documents, Warren is a *pro se* litigant in this Court as he is not being represented by a licensed attorney.

1

Warden's motion. Petitioner filed his response on December 17, 2010.[2]

## Grounds for Relief

Petitioner's claims relate to alleged forced participation in the Inmate Financial Responsibility Program ("IFRP"). He states:

> I was forced to sign an IFRP contract by counsellor COX under the threat of being palced on IFRP FEFUSAL status and thereby being treated less than other in mates who are not so placed. I did rescind my signature under 26 CFR 301.6109(d)(3) and this facility still took money from my account even though the sentencing judge did not specify any set payment schedule nor amount to be paid while incarcerated as is prescribed by law and the U.S. Supreme Court has held consistently that only the sentencing judge can set same and that even this judge cannot go back and correct the same.

Petitioner asserts that he wants to be placed on "IFRP EXEMPT STATUS" and to have the monies wrongfully taken to be refunded.

## Discussion

Petitioner was sentenced to 200 months imprisonment for wire fraud by the United States District Court for the Northern District of Illinois in 2008. He alleges that the Bureau of Prisons ("BOP") is improperly deducting money from his inmate account. Respondents assert that "United States of America, Inc." should be dismissed as a party, that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies, or in the alternative, the case should be transferred to a District Court in New Jersey.

---

[2] Pretrial matters in this action were automatically referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 78.02(B)(2)(c) and (e), DSC. Petitioner objects to the involvement of the undersigned in his case because he has not consented to such as required by 28 U.S.C. § 636(c). However, since the referral to the undersigned was made pursuant to 28 U.S.C. § 636(b), Petitioner's consent is not required. This Report and Recommendation is presented for the Court's consideration.

1. Proper Respondent

Petitions filed pursuant to 28 U.S.C. § 2241 are used to challenge the execution of a federal prisoner's sentence. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The proper Respondent is the person who is the prisoner's custodian, generally the warden of the institution in which the prisoner is confined. *See* 28 U.S.C. § 2242. The United States, or the United States of America, Inc., as named by Petitioner, is not a proper Respondent and should be dismissed.

2. Exhaustion

There is a general requirement that an inmate exhaust administrative remedies prior to seeking relief under § 2241. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 490, 491 (1973). The BOP has promulgated regulations which create a process for inmates to use to seek review of any aspect of confinement, 28 C.F.R.. §§ 542.10 - 542.15. The process begins with the filing of a "Request for Administrative Remedy" form stating the complaint. (28 C.F.R. § 542.13). At this point, informal resolution of the complaint is sought. If that fails, the inmate must present his complaint in writing to the warden. 28 C.F.R. § 542.13(b). Failing to obtain redress from the warden, the inmate is required to appeal to the BOP Regional Director and finally to the Office of General Counsel. 28 C.F.R. § 542.15.

According to an affidavit of Tami Cassaro, Supervisory Attorney for the South Carolina Consolidated Legal Center, there is nothing in the institutional records to indicate that Petitioner ever initiated the administrative process by seeking informal resolution or presenting a Request for Administrative Remedy with Respondents. On the other hand, Petitioner argues he is not required to exhaust administrative remedies prior to filing a habeas action because "the Supreme Court has ruled that no such requirement can be imposed." He also argues that "once a petitioner submits any

3

'Inmate Request Form' and it goes unanswered, the prisoner is deemed to have exhausted his administrative remedies."[3] (Roseboro Response, p. 2). Petitioner cites no authority for his arguments. Petitioner has presented no evidence, e.g., copies of any forms submitted.

"It is well settled that a federal prisoner is required to exhaust his administrative remedies within BOP before filing an action pursuant to § 2241." Henderson v. Warden, Edgefield Satellite Prison Camp, Civil Action No. 2:09-cv-01599-RBH, 2009 WL 3317149 (D.S.C, Oct. 14, 2009), citing Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999). Petitioner has not refuted the evidence submitted by Respondents, and the undersigned concludes that he has not exhausted his administrative remedies.

3. Jurisdiction and Venue

The Warden concedes that § 2241 provides the appropriate avenue for Petitioner to challenge the IFRP decision. She further concedes that at the time the present petition was filed she was the proper Respondent, and, citing Ex Parte Mitsuye Endo, 323 U.S. 283, 306 (1944) "that ordinarily the subsequent transfer of the petitioner does not divest the court of jurisdiction or otherwise warrant transfer." (Res.Mem., p. 3). However, Respondent argues that these principles were altered by Rumsfeld v. Padilla, 542 U.S. 426 (2004) which holds, *inter alia*, that "(o)nly in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner..." *Id.* at 454. At least two courts in this District have read Padilla as divesting this Court of jurisdiction of a § 2241 petition after a prisoner has been transferred from this District to another. *See* Anderson v. Drew, Civil Action No.

---

[3]Petitioner's response is an implicit admission that he did not follow the process established by the BOP.

8:08-3197-HFF-BHH, 2009 WL 1458214 (D.S.C., May 21, 2009) and <u>Smith v. Owen</u>, C/A No. 0:09-2310-JFA-PJG, 2011 WL 743212 (D.S.C. Feb. 24, 2011).

The undersigned concludes that this case, if it is not dismissed for failure to exhaust, should be transferred to New Jersey since the Warden (Respondent herein) no longer maintains custody of the Petitioner.

## **Conclusion**

After reviewing the record, the undersigned concludes that United States of America, Inc., should be dismissed and that Respondent's motion to dismiss, or in the alternative, to transfer, should be **granted**.

                                                                                               Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 29, 2011

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).