IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard E. Warren, #70874-083, ) | |
| ) | C/A No. 3:10-1245-MBS-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America, Inc.; ) | |
| Darlene Drew, Warden, ) | |
| ) | |
| Respondents. ) | |

Petitioner Richard Warren, appearing *pro se*, is currently incarcerated at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") is improperly deducting money from his inmate account. ECF No. 1. At the time of filing, Petitioner was an inmate at the FCI in Bennettsville, South Carolina. Petitioner named as Respondents the "United States of America, Inc." and Darlene Drew, the Warden of the FCI at Bennettsville. The case is before the court on Respondents' motion to dismiss, or in the alternative, to transfer venue to the District of New Jersey, filed November 19, 2010. ECF No. 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was issued on November 29, 2010, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 19. On December 17, 2010, Petitioner responded to the motion to dismiss. ECF No. 21.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On June 29, 2011, the Magistrate Judge filed a Report and Recommendation in which he determined that Petitioner had failed to exhaust his administrative remedies. ECF No. 22. Accordingly, he recommended that

Respondents' motion to dismiss be granted. *Id.* The Magistrate Judge also recommended that, if the case were not dismissed, it should be transferred to the district court in New Jersey because Petitioner's immediate custodian (that is, the Warden at FCI Fort Dix) is not within the jurisdiction of this Court. *Id.* On July 13, 2011, Petitioner filed a response to the Report and Recommendation in which he made seven specific objections. ECF No. 24. Respondents filed a reply on July 27, 2011, ECF No. 25, and Petitioner replied to this reply on August 15, 2011. ECF No. 27.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **FACTS**

On April 25, 2008 in the Northern District of Illinois, Petitioner was sentenced to 200 months imprisonment after being convicted of wire fraud and aiding and abetting, 18 U.S.C. § 1343 and § 2. ECF No. 18-1 at 1. Petitioner was also sentenced to pay a fine of $1100.00, due immediately. *Id.* at 6. Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241 challenging the method of execution of his sentence. ECF No. 1. Specifically, Petitioner alleges:

> I was forced to sign an IFRP [Inmate Financial Responsibility Program] contract by counsellor COX under the threat of being palced [sic] on IFRP FEFUSAL [sic] status and thereby being treated less than other in mates [sic] who are not so placed. I did rescind my signature under 26 CFR 301.6109(d)(3) and this facility still took money from my account even though the sentencing judge did not specify any set payment schedule nor amount to be paid while incarcerated as is prescribed by law and the

>      U.S. Supreme Court has held consistently that only the sentencing judge can set same
>      and that even this judge cannot go back and correct the same.

ECF No. 1 at 8. For relief, Petitioner requests: "I hereby seek to be placed on IFRP EXEMPT STATUS and the monies taken from my account be immediately returned to me. I further ask the court to order no retaliation be taken against me for this filing[,] since I have been threatened of same." *Id.* at 9.

In his petition for relief, Petitioner claimed that he had presented his complaint through the prison's internal grievance procedure, and that the result was "NO RESPONSE." ECF No. 1 at 7. Petitioner stated that he had not presented his claim to the BOP or another federal agency for administrative action, but added that he had "presented the U.S. Supreme Court ruling which sanctioned this very facility for their violation of the IFRP." *Id.* at 8. Petitioner's only statement in his original petition relating to his exhaustion of administrative remedies is his assertion that he "did present a claim and the facts to the prison warden Darlene Drew and received no response." ECF No. 1 at 11.

Tami Cassaro, currently employed by the BOP as the Supervisory Attorney for the South Carolina Consolidated Legal Center, submitted an affidavit describing the BOP's grievance procedure. ECF No. 18-4. Ms. Cassaro also described the national electronic database used by the BOP to track inmate grievances, which logs every attempt to file a formal grievance. *Id.* at 2. Ms. Cassaro declared that after conducting a diligent search of BOP records, she found nothing to indicate that Petitioner ever attempted to file an informal or formal complaint relating to the subject matter of the present case.[1] *Id.* at 3.

---

[1]    In fact, the database shows that Petitioner had only filed three Remedy Requests during his BOP incarceration, all of which were attempts to appeal Discipline Hearing

Petitioner included an affidavit with his opposition to Respondent's motion to dismiss in which he states that "the administrative remedies were accessed by [him] and evidenced in the original filing as being unanswered." ECF No. 21-1 at 2.

## DISCUSSION

A.  Jurisdiction

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, in a traditional prisoner habeas action challenging physical confinement, "there is generally only one proper respondent" – the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge."[2] *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442-43 (quotation omitted).

"Habeas corpus relief, however, is not limited to petitioners who are physically confined," *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011). Similarly, incarcerated petitioners may use habeas corpus to challenge something other than the fact of their confinement. "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name

---

Officer decisions. Ms. Cassaro declared that none of these had anything to do with the issues of this case. ECF No. 18-4 at 3.

[2]  Accordingly, Petitioner's second objection to the Magistrate Judge's Report and Recommendation – that "[t]he UNITED STATES OF AMERICA, INC. may be named as a party since same is the employer of Darlene Drew as Warden" – is without merit.

as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld*, 542 U.S. at 438. As a threshold question, this Court must determine whether it has jurisdiction to adjudicate Petitioner's action now that the only properly named Respondent, Warden Drew, no longer exercises control over Petitioner and Petitioner's current custodian is located outside of the District of South Carolina.

In *Rumsfeld* the Supreme Court, in interpreting the 28 U.S.C. § 2241(a) language stating that district courts may grant writs of habeas corpus "within their respective jurisdictions," clearly stated that the word "jurisdiction" was not used "in the sense of subject-matter jurisdiction of the District Court." *Rumsfeld*, 542 U.S. at 434 n.7. This distinction is crucial, because while "[d]efects in subject-matter jurisdiction . . . may not be waived or forfeited," other types of "jurisdictional" defects such as lack of personal jurisdiction or venue may be. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). The Supreme Court has not clarified the exact nature of the "jurisdiction" restriction in § 2241, and the Fourth Circuit has similarly declined to decide its exact meaning, implying that it is akin to personal jurisdiction or venue. *See Kanai*, 638 F.3d at 258. However, the Fourth Circuit has held that because § 2241 does not limit the subject-matter jurisdiction of the district courts, "any challenge to habeas proceedings based on this language in § 2241(a) is waived if not timely asserted." *Kanai*, 638 F.3d at 258.

Because Petitioner filed his action in the district of his incarceration and named his immediate custodian, "jurisdiction" under § 2241(a) was present at the outset. Given that the habeas jurisdictional restriction is akin to personal jurisdiction or venue and does not limit the subject-matter jurisdiction of the Court, it is questionable whether it could disappear simply because Petitioner was transferred to a prison in a different state. The Fourth Circuit has previously held that

in a § 2241 habeas action "[j]urisdiction is determined at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished). Other circuits have similarly held that habeas jurisdiction is not lost when a prisoner is transferred. *See, e.g., Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Moore*, 368 F.3d at 758 ("A prisoner transferred while litigation is pending need not re-file in the new district."); *White v. Lamanna*, 42 F. App'x 670, 2002 WL 857739 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001) (Jurisdiction in the district to which the petitioner was transferred was improper because "jurisdictional facts must be judged as of the time the complaint is filed") (quotation omitted).

Respondents suggest that these holdings are implicitly repudiated by the Supreme Court's 2004 decision in *Rumsfeld*. *See* ECF No. 18 at 3-5. Attempting to reconcile its earlier decision in *Ex parte Endo*, 323 U.S. 283 (1944), the Court noted that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction who has legal authority to effectuate the prisoner's release*." *Rumsfeld*, 542 U.S. at 441 (emphasis added).[3] Several district courts have read this language to mean that when an incarcerated habeas prisoner

---

[3] Because *Rumsfeld* dealt with a habeas petitioner who had initially filed in the wrong district, the district court never properly acquired jurisdiction. Accordingly, this statement is dicta.

6

is transferred to another state, the district court can no longer entertain the petition because it lacks personal jurisdiction over the prisoner's new immediate custodian. *See Smith v. Owen*, 2011 WL 743094 (D.S.C. January 21, 2011) ("[T]he issue raised in the instant § 2241 Petition cannot be addressed by this court, as the court does not have personal jurisdiction over the custodian who can provide [the petitioner] the relief he seeks"); *Anderson v. Drew*, 2009 WL 1458214 (D.S.C. May 21, 2009) ("[T]he Court is of the opinion that it is unable to adjudicate Petitioner's claim" because "the Court would not have personal jurisdiction over the warden at FCI Coleman to enforce its order."); *Neal v. Warden of FCI-Florence*, 2009 WL 2072833 (E.D. Va. July 13, 2009) ("Because service of process cannot be made on [the new] Warden . . ., the Court does not have personal jurisdiction over him" and therefore "cannot consider a petition for writ of habeas corpus.").

However, this Court is more persuaded by the majority of courts that have not construed *Rumsfeld* as divesting a district court of habeas jurisdiction whenever a prisoner is transferred out of the district. *See, e.g., Neal v. Drew*, 2009 WL 6254710 (D.S.C. November 5, 2009); *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[I]t does not appear that [*Rumsfeld*] alters the well-settled rule that if a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction."); *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008) ("[H]abeas jurisdiction . . . continues to be in the district where the petitioner was incarcerated at the time the habeas petition was filed.") (quotation omitted); *Boone v. Menifee*, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) ("It is settled law that the Bureau of Prisons cannot deprive a federal court of jurisdiction to hear a habeas petition by transferring an inmate to another facility after his petition

is filed.").[4]

It is not essential that a petitioner's new custodian be within the personal jurisdiction of the district court. The Court in *Rumsfeld* emphasized that only a prisoner's immediate custodian may be properly named as the respondent in the initial filing of a habeas petition, discussing and rejecting the proposition that any person with "legal control" over the petitioner's incarceration may be named as the respondent. Yet in discussing the power of a district court which initially acquires proper jurisdiction to act after the prisoner is moved, the Court stated that the district court may direct the writ to "*any* respondent within its jurisdiction who has *the legal authority* to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441 (emphasis added). This broad language implies that the prisoner's immediate custodian need not be within the Court's jurisdiction as long as *someone* with "legal authority" over the prisoner's incarceration is subject to the Court's jurisdiction. In this case, the Bureau of Prisons maintains a "continuous and systematic" presence within the district by operating multiple federal prisons, which is more than sufficient to give rise to general personal jurisdiction. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 (1984). Because the Bureau of Prisons is within the personal jurisdiction of this Court and is able to grant Petitioner any relief this Court may order, this Court properly retains jurisdiction.

In *Tang v. Gonzalez*, 2006 WL 3628061 (N.D. Fla. August 18, 2006), the Court noted that

---

[4] Additionally, the Corpus Juris Secundum states: "The objective of the statute conferring jurisdiction over habeas corpus proceedings may not be impaired or defeated by the removal of the petitioner from the territorial jurisdiction of the court. Jurisdiction, once acquired, is retained, and is not destroyed by the transfer of the petitioner to another jurisdiction, or to another federal judicial district within the state. Territorial restrictions on the issuance of the writ of habeas corpus do not continue even though the petitioner is no longer within the court's jurisdiction by reason of removal therefrom by the detaining authorities." 39 C.J.S. Habeas Corpus § 262 (2011).

the petitioner was "being held on the legal authority of the ICE although he is physically detained in a county jail," and that he had filed the action in the district of confinement and named his immediate custodian as the respondent. The Court observed that the petitioner had already been held in three different jails within his thirty-four months of confinement and remarked that "if a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided." *Id.* at *2. The Court stated that "in the event Petitioner is entitled to relief, *it is presumed that ICE (as the legal custodian) would comply with a writ* regardless of who may then have physical custody over Petitioner." *Id.* (emphasis added). Similarly, in *Fletcher v. Reilly*, 433 F.3d 867, 875 (D.D.C. 2006), a habeas petitioner challenging actions by the U.S. Parole Commission was transferred after initially obtaining proper jurisdiction. The D.C. Circuit held that "because [the petitioner] named his immediate custodian when he filed his petition for habeas, and the Commission is within the jurisdiction of the District Court and has authority to effectuate [his] release on reparole, the District Court has jurisdiction to consider Fletcher's habeas petition." *Id.*

The Supreme Court in *Rumsfeld*, in restating the rule that a habeas petitioner must bring his petition in the district of confinement and name his immediate custodian as the respondent, explained the policy that justified it. *See Rumsfeld*, 542 U.S. at 446-47. The Court explained that the rule prevents "rampant forum shopping" by habeas petitioners and "district courts with overlapping jurisdiction," which would cause "inconvenience, expense, and embarrassment." *Id.* at 447. Once a prisoner has properly filed a petition in the only permissible district naming the only permissible respondent, no such policy is served by transferring the case to a new district (or dismissing the case altogether) every time the BOP decides to move the prisoner.

This Court properly acquired jurisdiction over Petitioner's action when Petitioner filed in

9

the correct district and named the correct respondent, and Petitioner's subsequent transfer to FCI Fort Dix cannot destroy this jurisdiction. Accordingly, this Court may continue to fully adjudicate Petitioner's action.[5]

B.  Exhaustion

Although 28 U.S.C. § 2241 contains no explicit language requiring exhaustion, the Fourth Circuit has emphasized that "[a]s a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' . . . courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (quoting *Bowen v. Johnson*, 306 U.S. 19, 27 (1939); *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). This rule reflects the principle that although "habeas corpus is 'always available to safeguard the fundamental rights of persons wrongly incarcerated,' it 'is the avenue of last resort.'" *Id.* at 531 (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)). Accordingly, "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions," and "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)).

---

[5] This Court acknowledges that it reached a contrary conclusion in an earlier case involving the same facts. *See Warren v. Drew*, 2011 WL 573451 (D.S.C. February 14, 2011) (Seymour, J.). In that case, the petitioner was transferred to a prison in another district before the case had been brought into proper form and the respondent had been served. Without the benefit of briefing by the parties, this Court adopted the Magistrate Judge's recommendation to transfer the case for lack of jurisdiction. After full briefing and further consideration, this Court now concludes that jurisdiction is retained despite a prisoner's transfer to another district.

The Bureau of Prisons has promulgated regulations establishing a grievance procedure through which inmates can challenge any aspect of their confinement. *See* 28 C.F.R. §§ 542.10-542.15. Except in specified circumstances, the inmate must first present his or her concern to prison staff and attempt to resolve it informally before filing a formal Administrative Remedy Request. 28 C.F.R. § 542.13. If the attempt is unsuccessful, the inmate must file the formal Request with the appropriate official at the prison for consideration by the Warden. 28 U.S.C. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may submit an appeal to the appropriate Regional Director within twenty days of the Warden's response. 28 U.S.C. § 542.15. If the inmate is not satisfied with the Regional Director's response, he or she may submit an appeal to the BOP General Counsel within thirty days of the Regional Director's response. *Id.*

Petitioner made only two objections relevant to the issue of exhaustion. In "Point four," Petitioner states that "[t]he U.S. Supreme Court has ruled that once an inmate begins a redress of grievance process, which begins with the form . . . entitled 'Inmate Request to Staff Form,' and no response is timely tendered, the BOP greivace [sic] process is deemed to be completed by the inmate." ECF No. 24. As previously noted by the Magistrate Judge, Petitioner provides no legal authority for this proposition, which is clearly contrary to the established law reviewed above. Petitioner may exhaust his administrative remedies only by complying with the procedures established in the Code of Federal Regulations and described above. *See* 28 C.F.R. §§ 542.10-542.15. Although an inmate's failure to exhaust administrative remedies may be excused if the inmate establishes good cause for this failure, Petitioner has not attempted to make such a showing. Moreover, Petitioner has presented no evidence that he ever filed a formal grievance form at all, and has not refuted Respondents' evidence showing that he did not file such a form. This objection is

therefore without merit.

Petitioner's last remaining objection, "Point six," states that:

Petitioner did include in his initial filing copies of the affore mentioned [sic] "Inmate Request to Staff Forms" together with four (4) copies of the U.S. Supreme Court rulings on the subject matter which included one against "FCI BENNETTSVILLE" regarding inmate "Lightner" and therefore Respondent's statement that Petitioner never initiated the administrative process is without merit.

ECF No. 24. Once again, Petitioner provides no evidence for his assertions, which are refuted by the record. A review of Petitioner's initial petition for writ of habeas corpus reveals that he included neither a copies of an inmate grievance form nor copies of opinions issued by the Supreme Court or any other court. *See* ECF No. 1.[6] This objection is therefore without merit.

C.    Remaining Objections

Petitioner's two remaining objections are without merit. In "Point one," Petitioner objects, as he has repeatedly objected throughout this litigation, that he is not a "pro se" litigant because he "do[es] not represent any third party nor must [he] be a licensed attorney in which to represent [him]self." ECF No. 24 at 1. Petitioner prefers to refer to himself as "sui juris," which he defines to mean "in one's own right." However, the issue of whether Petitioner is correctly classified as a *pro se* litigant has no relevance to the merits of Respondents' motion to dismiss or to the validity of the Magistrate Judge's Report and Recommendation.[7]

---

[6]    Petitioner did, however, include 70 pages of quasi-legal documents, including various forms provided by the Sovereignty Education and Defense Ministry (http://sedm.org), having no apparent relevance to his petition and attempting to explain why he is "a Sovereign" and "a California National, NOT a State of California citizen, nor a United States citizen, but [is] a state national and/or American National." ECF No. 1-1 at 5.

[7]    In any event, Petitioner is incorrect. The term "pro se" means "for oneself" or "on one's own behalf" and has no relation to Petitioner's suggested definition. Petitioner

In "Point five," Petitioner objects that "[t]he referral to a Magistrate Judge without the consent of all parties is to be prohibited according to the U.S. Supreme Court." ECF No. 24 at 1. The plain language of 28 U.S.C. § 636(c) allows a Magistrate Judge to enter judgment in a civil matter only "[u]pon consent of the parties." This case, on the other hand, was referred to the Magistrate Judge under § 636(b), which authorizes the Magistrate Judge only to make a non-binding recommendation to the District Court. As the statute makes clear, the consent of the parties is not required for a § 636(b) referral.

## CONCLUSION

Petitioner has not alleged that he properly exhausted the remedies available to him at the administrative levels prior to filing his petition for habeas corpus, and he has provided no evidence showing that he has done so or refuting Respondents' evidence. Additionally, Petitioner has neither alleged nor demonstrated any facts that could arguably constitute good cause for bypassing the system of administrative remedies. After a *de novo* consideration, the Court determines that Petitioner did not properly exhaust the available BOP administrative remedies. Accordingly, the Court hereby concurs with the Magistrate Judge to the extent that he recommends that Respondents' motion to dismiss be granted. Petitioner's action is therefore dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
United States District Judge

---

is of course correct that he need not be a licensed attorney to represent himself. But because Petitioner is not represented by a licensed attorney in this matter, he is by definition a *pro se* litigant. Petitioner's suggested term – "sui juris" – does not mean "in one's own right," but rather "of one's own laws," and therefore does not accurately describe his position before this Court.

Columbia, South Carolina

September 22, 2011